**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROGERIO RIBERIO DOS SANTOS, ET AL.** | CIVIL ACTION |
| **VERSUS** | NO. 12-338 |
| **BELMERE LUXURY APARTMENTS, ET AL.** | SECTION B(4) |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Alternative Motion to Dismiss Under Rule 12(b)(6) (Rec. Doc. No. 15), submitted jointly by Defendants Belmere Limited Partnership (incorrectly listed by Plaintiffs as Belmere Luxury Apartments), Fairfield Property Management, and Robin Hebert (collectively "Defendants"). In response, Plaintiffs Rogerio Ribeiro Dos Santos, Edimar Ribeiro Duarte, and Jussara Dos Santos Rodrigues ("Plaintiffs") submitted a joint Memorandum in Opposition (Rec. Doc. No. 18) to the instant motion.[1] Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 18) is **GRANTED,** and that this action be **DISMISSED WITHOUT PREJUDICE** to Plaintiffs' rights to seek relief in state court on the state claims.

---

[1] Plaintiffs also filed a First Amended Complaint, however it does not alter the Court's analysis of the immediate claims. (Rec. Doc. No. 22).

**PROCEDURAL HISTORY**

Plaintiffs were tenants at Defendants' property, Belmere Luxury Apartments, in Houma, Louisiana. (Rec. Doc. No. 1 at 6). Sometime after October 16, 2011, Plaintiffs notified the Property Manager, Robin Hebert (listed as a defendant) that Plaintiffs would be relocating temporarily for work. *Id.* at 7, 8. Plaintiffs informed Ms. Hebert that they would return sometime during February 2012. *Id.* For that reason, Plaintiffs asked Ms. Hebert for permission to rent a garage on the Defendants' premises in order to store their personal property. *Id.* at 8. Plaintiffs' paid the sum of one hundred dollars ($100) to rent Garage A20.[2] *Id.* at 21.

Before leaving Louisiana, around November 30, 2011, Plaintiffs allege that they returned the keys from the apartment unit they had been renting to the Leasing Agent, Kristy Hebb (not listed as a defendant). *Id.* However, Plaintiffs submit that they retained possession of the electronic device used for access to Garage A20 where their personal belongings were stored. *Id.*

After leaving Louisiana, Plaintiffs submit they were informed by a neighbor, and subsequently by Defendants, that Garage A20 had

---

[1]Plaintiffs state that they paid Defendants to rent Garage A20 in December, pursuant to an agreement (Rec. Doc. No. 1 at 10), but Plaintiffs do not clarify what that agreement entailed, *i.e.*, whether the first payment was for the period of time until Plaintiffs returned in February or whether a subsequent payment was due for the month of January. Furthermore, Plaintiffs do not state whether that agreement was oral or written, and there is no evidence of said agreement in the record.

been considered abandoned and the items contained therein were to be removed and discarded. *Id.* at 9, 10. No dates are given for the latter series of events. Upon learning of these events, Plaintiffs allege they returned to Belmere Luxury Apartments accompanied by a police officer. *Id.* at 11. Once there, Plaintiffs' claim that Defendants' Assistant Manager, Shana Guidry (not listed as a defendant), allowed Plaintiffs to remove their remaining items when she was asked to do so by the police officer accompanying Plaintiffs. *Id.* at 12.

On February 7, 2012, Plaintiffs filed the instant lawsuit to recover from Defendants compensatory and punitive damages totaling over ten million dollars ($10,000,000). (Rec. Doc. No. 1). In response, Defendants filed the subject motion to dismiss. (Rec. Doc. No. 15-1).

Defendants assert that this Court lacks federal question or diversity jurisdiction over the instant case under 28 U.S.C. §§ 1331 and 1332. (Rec. Doc. No. 15-1 at 2). Alternatively, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## CONTENTION OF PLAINTIFFS

Plaintiffs, appearing *pro se* and proceeding *in forma pauperis*, do not fully address the legal grounds raised in Defendants'

Motions to Dismiss. (Rec. Doc. No. 18 at 5). Instead, they focus on their current status in Texas and the generalized claims arising from the loss of property caused by Defendants.

## **LAW AND ANALYSIS**

**A. Standard of Review**

A court presented with a 12(b)(1) motion in conjunction with another Rule 12 motion, should consider the 12(b)(1) motion first before addressing any motion regarding the merits of the case. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)(per curiam). This prevents a court from prematurely dismissing a case with prejudice. *Id.*

A court's dismissal based on Rule 12(b)(1) is not a determination on the merits of a lawsuit and does not prevent the plaintiff from pursuing the claim in a court with proper jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)(citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)(*per curiam*)).

**1. Federal Question Jurisdiction**

Federal question jurisdiction exists with respect to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006). A party attacking a district court's jurisdiction based on subject matter may do so facially or factually. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d

4

507, 511 (5th Cir. 1980)(*cert. denied*). Defendants in the instant case assert a facial attack, which merely requires the Court to inquire whether Plaintiffs have sufficiently alleged a basis for this Court to assert jurisdiction. *See Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Conversely, a lack of subject-matter jurisdiction may be found based on: (1) the complaint; (2) the complaint supplemented by undisputed facts supplied in the record; or (3) the complaint supplemented by undisputed facts and the Court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981), *cert. denied*, 454 U.S. 897. The party asserting jurisdiction bears the burden of proof that jurisdiction exists in fact. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)(citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995)).

Furthermore, whether a cause of action presents a federal question must be deduced from a well-pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he plaintiff must . . . prove, by a preponderance of the evidence, that the court does have jurisdiction based on the complaints and evidence." *Patterson*, 644 F.2d at 523. However, Courts should hold *pro se* litigants to less stringent pleading standards. *Smith v. Potter*, 400 Fed. Appx. 806, 809 (5th Cir. 2010).

In the instant case, Plaintiffs assert claims for "invasion of privacy, torture, hate crime due to racism, negligence, negligent

hiring, intentional infliction of emotional distress," and numerous other state law grounds. (Rec. Doc. No. 18 at 4). Plaintiffs further assert that this Court has jurisdiction over the matter, "founded upon the Louisiana Code of Civil Procedure," and base their recovery on the Louisiana Unfair Trade Practices Act ("LUPTA") (Rec. Doc. No. 1 at 5, 15). Thus, on its face, Plaintiff's complaint raises only issues of state law, and federal jurisdiction is lacking. *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000). Absent any federal question, diversity of citizenship is required. *See Caterpillar, Inc.*, 482 U.S. at 392.

**2. Diversity Jurisdiction**

Federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between: (1) citizens of different States; or (2) citizens of a State and citizens of a foreign state.[2] 28 U.S.C. § 1332(a) (2006). In order to establish jurisdiction under § 1332, complete diversity must exist between the parties; no plaintiff can be a citizen of the same state as any of the defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *see also*, *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62 (5th Cir. 2010). For diversity purposes, state citizenship is synonymous with domicile.

---

[2] However, under 28 U.S.C. § 1332, district courts do not have original jurisdiction over actions between citizens of a State and citizens or subjects of a foreign state who are *lawful permanent residents* in the United States and are domiciled in the same State. 28 U.S.C. § 1332(a)(2) (1993).

*Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). A change in domicile requires: (1) a physical presence in the new location; and (2) an intention to remain there. *Id.* at 250. Thus, mere presence without intent is insufficient to affect a change in domicile. *Id.* at 249. Furthermore, a person must be a citizen of the United States in order to be a citizen of the State where she is domiciled. *Id.* A permanent resident alien is deemed a citizen of the State in which he or she resides. *See* 28 U.S.C. § 1332(a)(2).

The party seeking to invoke federal jurisdiction bears the burden of proving diversity exists. *Menendez*, 364 Fed. Appx. at 62 (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)). Where a plaintiff fails to adequately allege a basis for diversity jurisdiction, the case must be dismissed. *Id.*

In the instant case, Plaintiffs do not, in their complaint, adequately allege a basis for diversity jurisdiction. Plaintiffs were domiciled in Louisiana at the time this suit was filed, although they relocated temporarily. (Rec. Doc. No. 1 at 8). They maintained the intent to return to Louisiana at a fixed time. *Id.* Plaintiffs assert that they are residents of Texas. *Id.* at 6. Although, Plaintiffs may have resided temporarily in that State, Plaintiffs acknowledged they did not intend to remain in Texas indefinitely. *Id.* at 8; *see also Coury*, 85 F.3d at 249. Therefore, the facts from the facial complaint indicate Plaintiffs are

domiciled in Louisiana.

However, in responding to the motion to dismiss, Plaintiffs mention that they are "citizens of Brazil" although they provide no supporting evidence or documentation. (Rec. Doc. No. 18 at 4). For purposes of diversity jurisdiction, Plaintiffs cannot be citizens of Texas, Louisiana, and Brazil simultaneously.[3] Moreover, the complaint does not specify (assuming they are Brazilians) whether they possess dual citizenship, are lawful permanent residents of another state, or specify the nature of the status of their citizenship.[4] Thus, Plaintiffs have not met their burden of proving

---

[3] Despite Plaintiffs most recent contention in their First Amended Complaint that they are "citizens of Brazil," but were "domiciled at the captioned address in Arlington, Tx" during "all of the acts complained of herein," (Rec. Doc. No. 22, at 16), these contentions do not change the Court's findings. Even assuming Plaintiffs were temporarily domiciled in Texas during the pertinent time period, Plaintiffs maintained an intent to return to Louisiana:

> [We] explained our situation [to Defendants' Property Manager] and that we would be back in February and sign a new lease . . . we were very clear that . . . Garage A20 . . . would only be used so we could vacate the apartment, until we came back in February.

(Rec. Doc. No. 22, at 8). Moreover, outside of mere argument, Plaintiffs fail to adequately establish an amount-in-controversy over the federal statutory minimum of $75,000. (Id. at 22).

[4] Although citizens of Brazil, Plaintiffs are lawful permanent residents of Louisiana. That undisputed fact by their own expressed intentions would destroy any diversity because they and Defendants are domiciled in Louisiana. *See* 28 U.S.C. § 1332(a)(2) (1993). To the extent such a finding extends beyond

that complete diversity existed at time of filing suit or later.

**B. Defendant's 12(b)(6) Motion**

Because this Court lacks jurisdiction over the instant case, Defendants' motion to dismiss for failure to state a claim will not be considered but reserved for possible action in state court.

New Orleans, Louisiana, this 29TH day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

the complaint, summary judgment on the undisputed facts on permanent residency and domicile leads to the same result, i.e., no federal diversity jurisdiction.