UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROGERIO RIBERIO DOS SANTOS, ET AL.**                      **CIVIL ACTION**

**VERSUS**                                                  **NO. 12-338**

**BELMERE LUXURY APARTMENTS, ET AL.**                       **SECTION B(4)**

### ORDER AND REASONS

Before the Court is Plaintiffs' Rogerio Ribeiro dos Santos, Edimar Ribeiro Duarte, and Jussara dos Santos Rodrigues ("Plaintiffs") Motion for Reconsideration. (Rec. Doc. No. 25). In response, Defendants Belmere Luxury Apartments, Fairfield Property Management, and Robin Hebert ("Defendants") submitted an Opposition to the Motion for Reconsideration. (Rec. Doc. No. 28). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED**.

### PROCEDURAL HISTORY

Plaintiffs were tenants at Defendants' property, Belmere Luxury Apartments, in Houma, Louisiana. (Rec. Doc. No. 1 at 6). Sometime after October 16, 2011, Plaintiffs notified the Property Manager, Robin Hebert (listed as a defendant) that Plaintiffs would be relocating temporarily for work. *Id*. at 7,8. Plaintiffs informed Ms. Hebert that they would return sometime during February 2012. *Id.* For that reason, Plaintiffs asked Ms. Hebert for permission to rent a garage on the Defendants' premises in

order to store their personal property. *Id.* at 8. Plaintiffs' paid the sum of one hundred dollars ($100) to rent Garage A20. *Id.* at 21.

Before leaving Louisiana, around November 30, 2011, Plaintiffs allege that they returned the keys from the apartment unit they had been renting to the Leasing Agent, Kristy Hebb (not listed as a defendant). *Id.* However, Plaintiffs submit that they retained possession of the electronic device used for access to Garage A20 where their personal belongings were stored. *Id.* After leaving Louisiana, Plaintiffs submit they were informed by a neighbor, and subsequently by Defendants, that Garage A20 had been considered abandoned and the items contained therein were to be removed and discarded. *Id.* at 9,10. No dates are given for the latter series of events. Upon learning of these events, Plaintiffs allege they returned Belmere Luxury Apartments accompanied by a police officer. *Id.* at 11. Once there, Plaintiffs' claim that Defendants' Assistant Manager, Shana Guidry (not listed as a defendant), allowed Plaintiffs to remove their remaining items when she was asked to do so by the police officer accompanying Plaintiffs. *Id.* at 12.

On February 7, 2012, Plaintiffs filed the instant suit to recover from Defendants compensatory and punitive damages totaling over ten million dollars. (Rec. Doc. No. 1). On May 30, 2012, this Court granted Defendants' Motion to Dismiss for Lack

for Subject Matter Jurisdiction. (Rec. Doc. No. 23). Accordingly, the Court entered judgment in favor of the Defendants, dismissing Plaintiffs' claims. (Rec. Doc. No. 24). Subsequently, Plaintiffs filed the instant Motion for Reconsideration of that judgment. (Rec. Doc. No. 25).

## LAW AND ANALYSIS

Plaintiffs' motion and supporting evidence do not warrant granting the extraordinary measure of reconsideration. *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). First, the documentation attempting to establish Plaintiffs' domicile, even if considered by this Court, would not change the outcome. Plaintiffs failed to establish facts to meet both the domiciliary requirement *and* the amount-in-question requirement of 28 U.S.C. § 1332. (Rec. Doc. No. 23 at 8 n.3). The instant motion fails to address the amount-in-question requirement of §1332 found deficient in the complaint. Under federal law, a change in domicile requires: (1) a physical presence in the new location; and (2) an intention to remain there. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). In its May 30, 2012 Order, this Court found that, though Plaintiffs had taken up temporary residence in Texas, they manifested an intent to return to Louisiana. Plaintiffs were, therefore, Louisiana domiciliaries and unable to establish diversity jurisdiction.

3

(Rec. Doc. No.23 at 7,8). *See* 28 U.S.C. § 1332;[1] *but see also Velaquez v. Broeshe*, 2006 WL 232940 (W.D. Tex. June 13, 2006)(plaintiffs clearly declared their immigration status as aliens, thus availing themselves of federal diversity jurisdiction).

Second, a motion for reconsideration may only be granted if the, "facts alleged are actually *newly* discovered." *Infusion Res. Inc.*, 351 F.3d at 697 (emphasis added). Plaintiffs reassert their native country of origin and current place of residence. They still fail to establish a non-Louisiana domicile at the time of filing suit. It remains undisputed that Plaintiffs' expressed an intention to return to Louisiana after a temporary stay in Texas. There are no newly discovered facts here to alter the outcome.

New Orleans, Louisiana, this 3rd day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1332 states, in pertinent part: "[f]or purposes of this section, ... an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." Accordingly, assuming Plaintiffs are lawful permanent residents, they cannot simultaneously be citizens of Brazil, Louisiana and Texas. (*See* Complaint, Rec. Doc. No. 1, at 7-8; Rec. Doc. No. 25-3 at 1-3; and Rec. Doc. No. 25-3 at 4).